**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 07-cv-02395-REB

ALEX ARGUELLO,

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

      Defendant.

---

**ORDER REVERSING IN PART DISABILITY**
**DECISION AND REMANDING TO COMMISSIONER**

---

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#3], filed November 15, 2007,

seeking review of the Commissioner's decision denying plaintiff's claim for disability

insurance benefits and supplemental security income benefits under Titles II and XVI of

the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the

Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully

briefed, obviating the need for oral argument. I reverse in part and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is disabled as a result of mental retardation.[1] His

application for disability insurance benefits was denied, and following an administrative

hearing and Appeals Council review, plaintiff appealed to this court. ***See Arguello v.***

---

[1] Originally, plaintiff further claimed to be disabled as a result of various physical impairments, including arthritis and gout. However, both in his first appeal and in the instant case, plaintiff has not challenged the ALJ's finding that none of his physical impairments were "severe."

**Barnhart**, Civil Case No. 05-cv-00943-REB.  While that case was pending review,

plaintiff filed an additional application for disability insurance benefits, as well as an

application for supplemental security income benefits, with the agency.  Those

applications were eventually consolidated at the administrative level with plaintiff's

original application.

I reversed the ALJ's initial disability decision and remanded for further

consideration of whether plaintiff met the requirements of section 12.05(B) of the

Listings.  (**See** Tr. 197-205.)  A hearing for this purpose was conducted on June 13,

2006.  At the time of the hearing, plaintiff was 52 years old.  He graduated from high

school in special education courses and has past work experience as an construction

worker and grounds caretaker.  Plaintiff has not engaged in substantial gainful activity

since October 25, 2003.[2]

The ALJ found that plaintiff was not disabled and therefore not entitled to

disability insurance or supplemental security income benefits.  Although the medical

evidence established that plaintiff suffered from the severe impairment of mild mental

retardation, the judge concluded that the severity of that impairment did not meet or

equal any impairment listed in the social security regulations.  Specifically, the ALJ

determined that plaintiff did not manifest deficits in adaptive functioning prior to age 22

as required to satisfy the capsule definition of section 12.05 of the Listings.  Although

finding that plaintiff could not return to his past relevant work, the ALJ determined that

---

[2]  Plaintiff alleged a date of onset of October 25, 2003, in his initial application.  (Tr. 64.)  His
subsequent applications allege a date of onset of  November 22, 2003.  (Tr. 237-238.)  The ALJ found
merely that plaintiff had "not engaged in substantial gainful activity since the alleged onset of disability."
(Tr. 178.)  Since neither party suggests that plaintiff engaged in substantial gainful activity between
October 25 and November 22, 2003, I will use the earlier date.

he had the residual functional capacity to perform medium, unskilled work and that there were jobs existing in significant numbers in the national economy that he could perform. The ALJ therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

>  1.     The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2.	The ALJ  must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3.	The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4.	If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5.	If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  **Id.**  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194,

1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would

accept as adequate to support a conclusion.  **Brown**, 912 F.2d at 1196.  It requires

more than a scintilla but less than a preponderance of the evidence.  **Hedstrom v.**

**Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is

overwhelmed by other evidence in the record or constitutes mere conclusion."

**Musgrave v. Sullivan**, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed

to apply the correct legal test, there is a ground for reversal apart from a lack of

substantial evidence."  **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993).

Although a reviewing court should meticulously examine the record, it may not reweigh

the evidence or substitute its discretion for that of the Commissioner.  **Id.**

### III.  LEGAL ANALYSIS

Plaintiff raises a number of issues on appeal.  However, only one is properly

before me:  whether plaintiff's mental impairments resulted in deficits in adaptive

functioning prior to age 22, as required to satisfy the capsule definition of section 12.05,

such that plaintiff met the requirements of section 12.05(B) of the Listings.[3]  Although

the Commissioner's regulations do provide that "[a]ny issues relating to your claim may

be considered by the administrative law judge whether or not they were raised in the

administrative proceedings leading to the final decision in your case," 20 C.F.R. §

404.983, the district court has the power to limit the scope of remand, **see Sullivan v.**

---

[3]  I have already determined that the Commissioner is estopped from denying that plaintiff meets the IQ requirements of section 12.05(B).  (Tr. 202-203 n.1 (noting evidence of a full scale IQ score of 58 (Tr. 115), and relying on presumption that person's IQ is presumed to be consistent over a person's lifetime.  **See** 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.05(B) (claimant presumptively disabled on evidence of "[a] valid verbal, performance, or full scale IQ of 59 or less").

*Hudson*, 490 U.S. 877, 886, 109 S.Ct. 2248, 2254, 104 L.Ed.2d 941 (1989) ("Deviation

from the court's remand order in the subsequent administrative proceedings is itself

legal error, subject to reversal on further judicial review."); *Ischay v. Barnhart*, 383

F.Supp.2d 1199, 1217-18 (C.D. Cal. 2005) (noting that district court's remand

instructions are the law of the case). Unless the district court remands without specific

instructions, therefore, the ALJ is not free to reconsider other issues. *See Thompson*

*v. Astrue*, – F.Supp.2d –, 2008 WL 4580013 at *3 (S.D.N.Y. Oct. 14, 2008); *Wiltz v.*

*Commissioner of Social Security Administration*, 412 F.Supp.2d 601, 609-10 (E.D.

Tex. 2005). Thus, plaintiff's arguments related to the determination of his physical

residual functional capacity,[4] as well as his claim that he meet the requirements of

section 12.05(C) of the Listings,[5] are not properly before me in this appeal.

Nevertheless, I am constrained to remand this case yet again for further

development of the record as to whether a claimant manifested deficits in adaptive

functioning prior to age 22. As noted in my prior decision, the law of this circuit has

criticized an *ad hoc* approach to determining this issue, and instead requires the ALJ to

evaluate the evidence under one of four standards promulgated by the major

professional organizations that deal with mental retardation. (Tr. 203-204.) The ALJ

---

[4] Moreover, plaintiff's arguments that the ALJ failed to properly weigh or give good reasons for rejecting the opinions of Drs. Campbell, Lopez, and Chambers regarding the effect of his alleged physical impairments on his physical residual functional capacity are inapposite, since plaintiff does not contest the ALJ's finding at step two of the sequential evaluation that all his physical ailments were non-severe.

[5] I previously determined that plaintiff did not meet the requirements of section 12.05(C). (*See* Tr. 202.) I said nothing regarding section 12.05(D) because the issue whether plaintiff met that subsection of the Listings was not raised in plaintiff's first appeal. Nevertheless, there is no need for the ALJ to further inquire regarding the requirements of section 12.05(D). If plaintiff meets the requirements of the capsule definition, he is presumptively disabled under section 12.05(B). *See supra*, note 3. If he does not, he cannot satisfy the requirements any other subsection of section 12.05 in any event.

here chose to rely on the definition set forth by the American Psychiatric Association in

the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition ("DSM-IV").

(Tr. 172.) Under this definition,

> "deficits in adaptive functioning" are shown by "significant
> limitations in at least two of the following skill areas:
> communication, self-care, home living, social/interpersonal
> skills, use of community resources, self-direction, functional
> academic skills, work, leisure, health, and safety." The APA
> also provides a measurement standard: "[T]he criterion of
> significance is a summary index score that is two or more
> standard deviations below the mean. . . ."

*Barnes v. Barnhart*, 2004 WL 2681465 at *8 (10th Cir. Nov. 26, 2004) (citations

omitted).

Although the ALJ exhaustively considered whether plaintiff suffered from deficits

in the enumerated areas, he did not specifically address whether any of the evidence on

which he relied was "significant" as that term is defined by the DSM-IV, i.e., two or more

standard deviations below the mean. (*See* Tr. 172-173.) Nor does it appear that he

could have done so, absent expert testimony on the issue. The relevant standard

requires both knowledge of what the "mean" is with respect to any relevant criterion as

well as the ability to perform the required statistical analysis. In short, the ALJ relied on

the very *ad hoc* approach that has been rejected in this circuit and substituted his own

lay opinion for medical evidence of impairment. *Hamlin v. Barnhart*, 365 F.3d 1208,

1221 (10th Cir. 2004); *see also McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir.

2002) (ALJ may reject physician opinion "only on the basis of contradictory medical

evidence and not due to his or her own credibility judgments, speculation or lay

opinion") (citation and internal quotations marks omitted).

Plaintiff points out that Dr. Richard B. Madsen, a consultative examining psychologist, opined that plaintiff in fact did manifest deficits in adaptive functioning prior to age 22 under the DSM-IV definition. (Tr. 341.) This opinion, however, is wholly conclusory and unsubstantiated. Dr. Madsen did not enumerate in which of the various relevant areas of adaptive functioning plaintiff manifested deficits, much less point to any evidence to support his conclusion that any such deficits were "significant" under the DSM-IV standard. A medical expert's bare *ipse dixit* cannot constitute substantial evidence sufficient to support a finding of disability.

Although it is plaintiff's burden to establish the existence of a disabling impairment at step 3, *see Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001), it is the ALJ's responsibility to fully and fairly develop the record, *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). If the record is inadequate to determine whether a claimant is disabled, "[t]he regulations do not burden the claimant with any additional obligation in this regard[.]" *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2001). The record here clearly was inadequate to permit an informed determination as to whether plaintiff met the capsule definition of section 12.05. It was the ALJ's responsibility to remedy that evidentiary gap.

Although plaintiff requests a directed award of benefits, it remains unclear whether he actually meets the requirements for presumptive disability under section 12.05. Given the current state of the evidentiary record as outlined herein, I find that it

would be inappropriate for me to direct an award of benefits in this case.[6] ***See Nielson***

***v. Sullivan***, 992 F.2d 1118, 1122 (10th Cir. 1993).

      **THEREFORE, IT IS ORDERED** as follows:

      1.  That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not presumptively disabled under section 12.05(B) of the Listings is **REVERSED**;

      2.  That this case is **REMANDED** to the ALJ, who is directed to

      a.  Further develop the record regarding whether plaintiff's mental impairment resulted in deficits in adaptive functioning prior to age 22.  In so doing, the ALJ may recontact Dr. Madsen for further clarification and/or substantiation of his opinion, order a further consultative examination directed to that issue, or otherwise develop the record as he in his discretion finds necessary to allow him to determine that issue;

      b.  Reevaluate whether plaintiff is presumptively disabled under section 12.05(B) of the regulations; and

      c.  Reevaluate his disability determination in light of his conclusions in that regard; and

      3.  That plaintiff is **AWARDED** his costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1 and 28 U.S.C. § 2412(a)(1).

---

[6]  By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

Dated December 19, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**